# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-25-03068-PHX-SMB |
| Plaintiff, | **AMENDED STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |
| v. | |
| Air Ai Technologies Incorporated, et al., | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction, Monetary Judgment and Other Relief ("Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b. The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the Business Opportunity Rule, 16 C.F.R., Part 437, in the marketing and sale of Air AI Access Cards and Licensing.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive and release any claims that they may have against the Commission that relate to this action through the date of this Order and agree to bear their own costs and attorney fees.

5.      Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.      "**Air AI Access Card(s)**" means the business coaching materials, platform, and support sold by Defendants no earlier than February 9, 2023, including those referred to as "Scale 13"; and that may include the Air Software Suite, a conversational AI product sometimes called "Odin," a checkout and financing platform sometimes called "Midas," a constraint finder sometimes called "Sherlock," and lead maximizer and dialing platform sometimes called "Max"; and accompanying support and services.

B.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

C.      "**Assisting Others**" means providing assistance or support to any Person, including providing any of the following services:

1.      Performing customer service functions, including receiving or responding to consumer complaints;

2.      Formulating or providing, or arranging for the formulation or provision of, any advertising, promotional, or marketing material;

3.      Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

      4.      Hiring or recruiting personnel or others;

      5.      Providing names of, or assisting others in, the generation of, potential customers;

      6.      Performing promotional, marketing, billing, payment processing, or payments services of any kind; or

      7.      Acting or serving as an owner, officer, director, manager, or principal of any entity.

D.      "**Business Opportunity**" means a commercial arrangement in which:

      1.      A seller solicits a prospective purchaser to enter into a new business; and

      2.      The prospective purchaser makes a required payment; and

      3.      The seller, expressly or by implication, orally or in writing, represents that the seller or one or more designated persons will:

      a.      Provide locations for the use or operation of equipment, displays, vending machines, or similar devices owned, leased, controlled, or paid for by the purchaser; or

      b.      Provide outlets, accounts, or customers, including Internet outlets, accounts, or customers, for the purchaser's good or services; or

      c.      Buy back any or all of the goods or services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

For purposes of this Order, Business Opportunity shall not include conduct and arrangement covered by the FTC's Franchise Rule, 16 CFR Part 436.

E.      "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.    In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.    A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.    An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.    In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.    The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.    The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.     The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.    This disclosure must not be presented to the consumer through a hyperlink.

9.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

F.      "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

1.      "**Corporate Defendants**" means Air Ai Technologies, Inc. (also d/b/a Air AI, Air.AI, Scale 13), Apex Holdings Group LLC, Apex Scaling LLC (also d/b/a Air AI, Scale 13), Apex 4 Kids LLC, New Life Capital LLC, and Onyx Capital LLC, and each of their subsidiaries, affiliates, successors, and assigns.

2.      "**Individual Defendants**" means Caleb M. Maddix, Ryan P. O'Donnell, and Thomas M. Lancer.

G.      "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

H.      "**Earnings Claim(s)**" means any oral, written, or visual representation to a prospective purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, business growth, or gross or net income or profits. Earnings Claims include, but are not limited to: (1) any chart, table, or mathematical calculation

that demonstrates possible financial results based upon a combination of variables; (2) any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income or achieve a certain level of sales or business growth; and (3) any statements, claims, success stories, endorsements, or testimonials about the performance or profitability of representatives, endorsers, instructors, or customers.

I.    "**Licensing**" means the right to access, distribute and resell Defendants' conversational AI products or technology, which can include revenue sharing, discounts, priority support, early access, educational and training materials, and accompanying products and services, as outlined in Defendants' advertising and sales contracts with consumers.

J.    "**Person**" means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

K.    "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services by use of one or more telephone calls.

## ORDER

## I.    PROHIBITION REGARDING TELEMARKETING

**IT IS ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly or Assisting Others, in connection with Telemarketing of any good or service, including any business or money-making opportunity not banned in Section III, are hereby permanently restrained and enjoined from:

A.    Initiating, or causing others to initiate, an outbound telephone call:

1.    That makes a false or misleading statement to induce any person to pay for goods or services;

2.      That misrepresents, directly or by implication, any material aspect of a business or investment opportunity including, but not limited to, risk, liquidity, earnings potential, or profitability; and

3.      That misrepresents, directly or by implication, any material aspects of the nature or terms and conditions of any refund, cancellation, or repurchase policies, including the ability to obtain a refund (*e.g.*, promising or guaranteeing a refund but failing to provide it when requested).

B.      Violating any provision of the TSR, 16 C.F.R. Part 310, attached as **Attachment A.**

## II.      PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, including any business or money making opportunity not banned in Section III, are permanently restrained and enjoined from:

A.      Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

1.      The nature or terms and conditions of any refund, cancellation, or repurchase policies, including the ability to obtain a refund (*e.g.*, promising or guaranteeing a refund but failing to provide it when requested);

2.      The risk, earnings potential, or profitability of any good or service;

3.       Refund, cancellation, or repurchase policies;

4.      The sales, income, or profits consumers could earn; and

5.      Any other fact material to consumers concerning any good or service, such as the performance, efficacy, nature, or central characteristics of any good or service, or the total costs and any material restrictions, limitations, or conditions.

B.      Making any Earnings Claims to a prospective purchaser, unless:

1. The Earnings Claim is non-misleading;

2. At the time the Earnings Claim is made, Defendants have a reasonable basis for the claim and have in their possession written materials that substantiate the claimed earnings;

3. Defendants Clearly and Conspicuously disclose typical customer results, and have written substantiation for such typical results;

4. Defendants make the written substantiation for Earnings Claims available upon request to the consumer, potential purchaser, and the FTC; and

5. Any earnings that form the basis for the Earnings Claims were achieved in compliance with the law.

### III.    BAN ON BUSINESS OPPORTUNITIES

**IT IS FURTHER ORDERED** that Defendants are permanently restrained and enjoined from creating, advertising, marketing, distributing, promoting, offering for sale, or selling, or Assisting Others in creating, advertising, marketing, distributing, promoting, offering for sale, or selling of, any Business Opportunity.

### IV.    MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of Eighteen Million Dollars ($18,000,000) is entered in favor of the Commission against Individual Defendants and Corporate Defendants, jointly and severally, as monetary relief.

B. Defendants are ordered to pay to the Commission $50,000. Such payment must be made within 60 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

D. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants'

- 8 -

sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. the Financial Statement of Individual Defendant Maddix, signed on September 10, 2025, including the attachments and supporting documents;

2. the Financial Statement of Individual Defendant O'Donnell, signed on September 10, 2025, including the attachments and supporting documents;

3. the Financial Statement of Individual Defendant Lancer, signed on September 21, 2025, including attachments and supporting documents;

4. the Financial Statements of Corporate Defendants Air Ai Technologies, Inc, Apex Holdings Group LLC, Apex Scaling LLC, Apex 4 Kids LLC, Onyx Capital LLC (dba Onyx Experiences), and New Life Capital LLC, signed by Defendant O'Donnell, co-founder, on September 19, 2025, including the attachments;

5. the additional documentation and corporate records submitted by Defendants' counsel Leonard Gordon and Eden Caliendo to Commission counsel Rebecca Plett and Lauren Rivard on September 24, 2025, including bank and payment processor records for Corporate Defendants, customer sales and refund logs, and sales contract templates;

6. the sworn testimony provided in the December 10, 2025 deposition of Defendant Lancer in his individual capacity;

7. the sworn testimony provided in the December 10, 2025 deposition of Defendant Lancer, testifying on behalf of Defendants Air Ai Technologies, Inc. and Apex Holdings Group LLC;

8. the sworn testimony provided in the December 18, 2025 deposition of Defendant O'Donnell in his individual capacity;

9. the sworn testimony provided in the December 18, 2025 deposition of Defendant O'Donnell, testifying on behalf of Defendants Apex 4 Kids LLC, Apex Scaling LLC, Onyx Capital LLC, and New Life Capital LLC; and

10.     the sworn testimony provided in the December 18, 2025 deposition of Defendant Maddix in his individual capacity.

E.     The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that:

1.     Defendant failed to disclose any material Asset, materially misstated the value of any Asset, or made any other material misstatement or omission in the financial representations identified above; or

2.     Defendant is in default on any obligation under this Section.

F.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order).

## V.     ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all Assets transferred pursuant to this Order and may not seek the return of any Assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Each Defendant acknowledges that Defendants' Employer Identification

Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Defendants previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. §7701.

E.     All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.     CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. Defendants represent that they have provided this redress information to the Commission. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry

of this Order in connection with the marketing and sale of Air AI Access Cards and Licensing; and

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII.      ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 20 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII.      COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the

Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may

- 13 -

affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Air Ai Technologies, Inc., et al., X250039.

## IX.    RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants and each Individual Defendant for any business that such

Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.    accounting records showing the revenues from all goods or services sold;

B.    personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response, including whether the refund was granted and why;

D.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    a copy of each unique advertisement or other marketing material.

### X.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any Assets as required by this Order:

A.    Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce Documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendants must permit representatives of the Commission to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Dated this 30th day of March, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge

- 16 -